By the Court :
If the facts set out in the bill were admitted to be true, they would not entitle the complainant to the relief he asks for, as he might have taken advantage of them in the action at law. Had this signature been procured in the manner charged, the obligation would have been voidable at least. The facts might have been reduced to the form of a plea, and would have been a good bar to the action on the bond, or, if the payment had been made, as is alleged, they might have been pleaded or proved under a notice to the general issue. No reason is assigned why the complainant could not have taken advantage of them, much less is it pretended that he was prevented from doing so, by the fraud or procurement of the defendant. But independent of these considerations, the material facts are all denied, and the evidence is not sufficient to overthrow thd answer. The testimony is vague *4 and contradictory. It does not show that the complainant was intoxicated by the procurement of the defendant; nor is it pretended that an ^unsuccessful attempt was made to discriminate between the principal and the surety, in entering the judgment. This allegation seems to be an after thought, seized upon as a pretext to delay the collection of the debt. A part of the payments proved by the complainant, were deducted from the debt before the obligation was given; and it is proved that there were other dealings between the parties, to which the residue of those payments might have related, which is rendered probable by the absence of all proof tending to show that they were made with reference to the debt in question. The defendant’s witnesses testify, that the bond was given for a part of the price of a tract of land, and that the residue of the price was paid bythe delivery of the same bind of property that is spoben of by the complainant’s witnesses. They also testify that the complainant and Thomas Lacy acknowledged that they both signed the instrument, so that the testimony taken together, rather confirms than contradicts the answer.
Injunction dissolved, and bill dismissed.†

Note by the Editor. — Eor late decisions in reference to remedy in chancery by the maker of a fraudulently procured contract, see xviii. 548, and cases cited. As to avoiding such contracts at law, see xvi. 504. As to defense of drunkenness in criminal cases, see xiv. 565.